UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD EDMOND,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN ROGERS,<br><br>Defendant. | Civil Action No. 10-0495 (JDB) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's Motion for Entry of Money Judgment and defendant's Motion to Set Aside the Default. For the reasons stated below, the Court denies the former and grants the latter.

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this civil action against Bryan Rodgers, Administrator for Laurens County, Georgia, on March 18, 2010.[1] Pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), on plaintiff's behalf, the Clerk of Court issued a summons and the United States Marshals Service attempted service of process by certified mail. According to the Notice and Acknowledgment of Receipt of Summons and Complaint by Mail [Dkt. #3], James Davis signed the mail receipt on April 9, 2010. Defendant explains that Mr. Davis "is an employee of a temporary employment agency and is assigned part-time to the

---

[1] The Clerk of Court received plaintiff's complaint and application to proceed *in forma pauperis* on March 18, 2010. The Court granted plaintiff's application to proceed *in forma pauperis* on March 23, 2010, and both the application and complaint were deemed "filed" on the Court's electronic docket on March 26, 2010.

-1-

Laurens County Building and Grounds Department," and whose "activities generally encompass custodial tasks[.]" Def.'s Mot. to Set Aside the Default, Ex. A (Rogers Decl.) ¶¶ 12-13. Mr. Davis is not authorized to sign for certified mail or to accept service of process on defendant's behalf. *Id*., Ex. A ¶¶ 17-18; *see id.*, Ex. B (Kight Decl.) ¶ 10. The papers had been removed from the envelope when defendant received them, and he did not realize that they had been sent by certified mail until May 13, 2010. *Id.*, Ex. A ¶¶ 5, 8-9. Defendant "immediately forwarded [the papers] to the county attorney[.]" *Id.* ¶ 6. It was the County Attorney's understanding that, if the Notice and Acknowledgment of Receipt of Summons and Complaint by Mail were not signed and returned to the Court, personal service would be effected. *Id.*, Ex. B ¶ 8. Defendant filed a motion to set aside default and a motion to dismiss on May 19, 2010.

Under Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside an entry of default for good cause. "Though the decision lies within the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." *Keegel v. Key West & Caribbean Trading Co., Inc*., 627 F.2d 372, 373 (D.C. Cir. 1980).

Nothing in the record suggests that defendant's conduct was willful. "The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (citing *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 634 (2d Cir. 1998)). Here, it appears that there was a misunderstanding as to whether the summons and complaint were sent by certified mail and the means by which

service of process should have been effected. Within days of realizing that the United States Marshals Service attempted service of the summons and complaint by certified mail, defendant filed both a motion to set aside the default and a motion to dismiss. Default judgments are "designed to handle a totally unresponsive party." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). In this case, however, defendant's delay appears to have been caused by a misunderstanding, not a willful refusal to respond to the summons and complaint.

Plaintiff claims that he would be prejudiced if defendant's motion were granted. *See* Opp'n to Def.'s Mot. to Set Aside Default J. at 13-15. He sits for the District of Columbia bar examination on July 24, 2010, and argues that "[s]etting aside this case creates delay of a critically adverse nature, in that plaintiff will have no remedy to this unique loss." *Id.* at 14. Plaintiff appears to link his success on the bar examination to the entry of default and summary resolution of this civil action in his favor. If defendant's motion to set aside default were granted, plaintiff requests "a compensable sum to cover 6 months of living expenses and bar exam prep courses," *id.* at 14-15, on the assumption that he will fail the July 2010 bar examination because of this litigation, *see id.* at 15. The Court is not persuaded that a ruling in defendant's favor will force plaintiff to "forfeit 6 months to a year of [his life] to wait for the next opportunity," *id.* at 14, to sit for the bar exam. "'[D]elay in and of itself does not constitute prejudice.'" *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393 (D.D.C. 2005) (quoting *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003)). Plaintiff may be inconvenienced, but he will not suffer prejudice if defendant's motion to vacate default is granted.

Defendant in its pending motion to dismiss raises several procedural grounds for dismissal of this case or, alternatively, for transfer to the United States District Court for the Southern

District of Georgia.  These are meritorious defenses warranting the court's full consideration.

For these reasons, the Court will grant defendant's motion to vacate default and deny plaintiff's motion for default judgment.  An Order accompanies this Memorandum Opinion.

DATE:  June 22, 2010

/s/
JOHN D. BATES
United States District Judge