UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD EDMOND,

    Plaintiff,

    v.

BRYAN ROGERS, County Administrator,
Laurens County, Georgia,

    Defendant.

Civil Action No. 10-0495 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss or, alternatively, to transfer.[1] For the reasons discussed below, the Court will dismiss this action without prejudice.

### I. BACKGROUND

Plaintiff, a resident of the District of Columbia since February 2009, claims that Laurens County, Georgia filed a tax lien against him in the amount of $2977.00, and reported this information to TransUnion, a credit reporting agency. Compl. at 1-2. Plaintiff alleges that, between April 2009 and February 2010, he had "applied for over twenty different employment opportunities with the United States Government," and with each application the government "conducted a routine credit check, where the false publication of this tax lien from [Laurens

---

[1] Plaintiff's Motion and Application for Leave to Bring Interlocutory Appeal of this Court's June 22nd 2010 Order [Dkt. #28], Motion for Oral Argument in Support of Motion and Application for Leave to Bring Interlocutory Appeal of this Court's June 22nd 2010 Order [Dkt. #30] and Motion for Modification of Order Setting Aside Default [Dkt. #35] will be denied.

-1-

County] appeared to [his] detriment." *Id.* at 3. Allegedly due to "increased scrutiny of tax issues by the United States Government in employment screenings" the existence of the tax lien "adversely impacted and effectively eliminated opportunities for employment that [plaintiff] was otherwise qualified for." *Id.*

In Count I, plaintiff claims that Laurens County defamed him when it "reported false information in the form of [a] tax lien entry to TransUnion credit reporting services, which appeared on [his] credit report, . . . [and] has been circulated and published at the direction and control of [Laurens County] to other credit reporting agencies." Compl. at 5. As a result, plaintiff asserts that he "has been and continues to suffer loss of reputation, and economic loss in the form of employment opportunities in [his] career field due to this tax lien disqualifying him from further consideration for employment opportunities with the United States Government." *Id.* "The imposition of a tax lien . . . created a false, defamatory statement understood by a reasonable person to mean that [plaintiff] has an unpaid tax delinquency with Laurens County resulting in a tax lien, when in fact [he] was not a resident of Laurens County, Georgia when this tax liability was imposed or when the lien was imposed." *Id.* at 4.

Plaintiff brings a negligence claim in Count II of his complaint. He alleges that Laurens County owed plaintiff a duty of reasonable care and "[b]y failing to appreciate the harm an incorrect tax lien could do to a plaintiff . . ., [Laurens County's] negligence is the proximate and actual cause of harm" to him, that is, rendering plaintiff ineligible for federal government employment. *Id.* at 6. "Because of [Laurens County's] negligence and the proximate and factual harm it caused to his professional reputation, [plaintiff] suffered general and consequential damages . . . in excess of $250,000.00." *Id.* at 7. In addition, plaintiff demands a declaratory

judgment and equitable relief requiring Laurens County "to take all reasonable steps necessary to direct Experian, TransUnion and Equifax credit reporting services to remove [the] tax lien from [his] credit files." *Id.*

## II.  DISCUSSION[2]

Laurens County moves to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure on the ground that this Court lacks personal jurisdiction over it.[3]  *See* The Defendant's Brief in Support of the Motion to Dismiss This Action or, Alternatively, to Transfer It to the United States District Court for the Southern District of Georgia ("Def.'s Mem.") at 2-5.

"In a diversity case, the federal district court's personal jurisdiction over the defendant is coextensive with that of a District of Columbia court."  *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004).  It is the plaintiff's burden to make a *prima facie* showing that the Court has personal jurisdiction over the defendant.  *See Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005); *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988); *Walton v. Bureau of Prisons*, 533 F. Supp. 2d 107, 112 (D.D.C. 2008).  Moreover, the "[p]laintiff must allege specific facts on which personal jurisdiction can be based; [he] cannot rely on conclusory

---

[2]  For purposes of this Memorandum Opinion, the Court presumes, without deciding, that service of process on Laurens County has been effected properly.

[3]  Plaintiff maintains that, as a party in default, Laurens County not only has conceded the facts as alleged in the complaint but also has waived any affirmative defense, including lack of personal jurisdiction.  *See* Motion in Opposition to Defendant's Motion to Dismiss This Action, or Alternatively to Transfer It to the United States District Court for the Southern District of Georgia ("Pl.'s Opp'n") at 2-3.  In light of the Court's June 22, 2010 Memorandum Opinion and Order granting defendant's motion to set aside the Clerk's default and denying plaintiff's motion for entry of money judgment, his arguments with respect to waiver of personal jurisdiction are no longer applicable.

allegations." *Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006) (citations omitted).

The District of Columbia has articulated "three discrete constructs" of personal jurisdiction:

> (1) "doing business," when that term signals local activity sufficient to support all-purpose (general) jurisdiction over a defendant; (2) "transacting business," invoked as a basis for specific adjudicatory authority over claims relating to the very business transacted; and (3) doing (some) business or engaging in other persistent conduct or deriving substantial revenue, relied upon as a plus factor in "act outside the forum/impact inside the forum" cases.

*Crane v. Carr*, 814 F.2d 758, 763 (D.C. Cir. 1987).

Under D.C. Code § 13-422, "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." *Id.* Plaintiff does not allege that Laurens County, Georgia falls within the scope of this statutory provision, and defendant represents that "Laurens County does not transact any business, solicit any business, engage in any conduct, derive any revenue, or render any services in the District of Columbia." Defendant's Motion to Set Aside the Default [#13], Ex. A (Rogers Aff.) ¶ 27. Laurens County is a non-resident defendant and the exercise of general jurisdiction is not appropriate here.

A non-resident defendant "transacts business" in the District of Columbia, thereby conferring jurisdiction, when (1) it purposefully avails itself of the privilege of acting in the District of Columbia; (2) the cause of action arises from the defendant's activities here; and (3) its acts have "a substantial enough connection with the District of Columbia to make the exercise of jurisdiction reasonable." *Mitchell Energy Corp. v. Mary Helen Coal Co., Inc.*, 524 F. Supp.

558, 563 (D.D.C. 1981). (citing *McLaughlin v. Copeland*, 435 F. Supp. 513, 523 (D. Md. 1977)). Again, plaintiff does not allege and defendant expressly denies that Laurens County "transacts business" here such that the exercise of specific jurisdiction over claims arising from the acts and omissions alleged in the complaint is not appropriate.

There is a third way in which Laurens County could be subject to this Court's jurisdiction. The Court may exercise specific personal jurisdiction under the District of Columbia's long-arm statute through the provision authorizing the exercise of personal jurisdiction over a non-resident defendant with regard to a claim arising from the defendant's conduct in

> causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia[.]

D.C. Code § 13-423(a)(4). This provision "serve[s] to filter out cases in which the in forum impact is an isolated event and the defendant otherwise has no, or scant, affiliations with the forum." *Crane*, 814 F.2d at 763. In other words, the exercise of personal jurisdiction over a non-resident defendant is appropriate where its "conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff adequately alleges an act or omission occurring outside of the District of Columbia, that is, the report by Laurens County of the tax lien, and tortious injury in the District of Columbia because plaintiff resided here at all times relevant to the complaint. However, plaintiff does not allege that Laurens County regularly does or solicits business, or engages in

any other course of conduct, or derives revenue from services rendered in the District of Columbia. In fact, plaintiff does not allege contacts or conduct of any kind on the part of Laurens County that could support this Court's assertion of personal jurisdiction over it. Hence, plaintiff fails to meet his burden to establish even a prima facie showing of personal jurisdiction.

## III.  CONCLUSION

The Court will grant defendant's motion to dismiss for lack of personal jurisdiction and will deny the motion to transfer as moot. An Order accompanies this Memorandum Opinion.

DATE: October 28, 2010

/s/
JOHN D. BATES
United States District Judge